Requestor: Ilan S. Schoenberger, Esq., County Attorney County of Rockland Allison-Parris County Office Bldg. New City, New York 10956
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
Your office has requested our opinion as to whether the positions of assistant county attorney and deputy town attorney are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
A county attorney must prosecute and defend all civil actions and proceedings brought by or against the county. County Law § 501. An assistant county attorney must perform such of the official duties of the county attorney as may be directed by that official. Id., § 502(2). In the absence or incapacity of the county attorney, the assistant county attorney carries out the duties of the office of county attorney. Id.,
§ 502(3). If there is more than one assistant county attorney, the county attorney must designate the order in which the assistant county attorneys are to carry out the duties of the county attorney in the event of his absence or incapacity. Id., § 502(5).
Your office has informed us that the individual's duties as assistant county attorney are limited to real property tax matters. She has not been designated as one of the assistant county attorneys who would carry out the duties of the county attorney in the event of his absence or incapacity.
As deputy town attorney, this individual is assigned to advise the zoning board of appeals and the planning board. The deputy would also represent the town in those instances where the town attorney is unable to appear on behalf of the town because of a conflict of interests. Your office's letter indicates further that in her capacity as deputy town attorney, the individual would not be assigned any cases which involve the County of Rockland.
Counties and towns are separate and independent levels of government. While occasionally there will be matters affecting the interests of both municipalities, we foresee no inevitable and substantial conflict of interests for a person serving as an assistant county attorney and deputy town attorney. 1988 Op Atty Gen (Inf) 109; 1982 Op Atty Gen (Inf) 154; 1981 Op Atty Gen (Inf) 112; 1964 Op Atty Gen (Inf) 90. It is conceivable that the county and the town may become engaged in litigation or there may be contracts between the two municipalities. Of course, in these situations it would be improper for the same person to represent both municipalities. These matters can be handled by another assistant county attorney or deputy town attorney, or outside counsel can be obtained. In the event of other actual or apparent conflicts, the appropriate remedy is recusal.
Further indication that duties of the two positions are not inherently inconsistent is found in subdivision 4 of section 501 of the County Law, which authorizes the county board of supervisors to direct the county attorney to provide legal services and advice to town boards and town officers, when it is not in conflict with the interests of the county. County Law § 501(4).
The offices of assistant county attorney and deputy town attorney are compatible. An individual holding both positions, however, would have to recuse himself from participating in any matter which involved conflicting county and town duties.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.